UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of WILL CO. LTD., Applicant. | Case No. 21-mc-80211-JCS<br><br>**ORDER REGARDING APPLICATION UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

## I.   INTRODUCTION

Will Co. LTD filed an *ex parte* application under 28 U.S.C. § 1782 for an order authorizing them to take discovery from Cloudflare, Inc., regarding the identities of the owners of a website which is allegedly associated with the unauthorized display of Will Co.'s intellectual property on "shared-videos.se." For the reasons discussed below, the application under § 1782 is GRANTED, without prejudice to any recipient of a subpoena or other interested party moving to quash.

## II.   BACKGROUND

Will Co. is an adult entertainment company headquartered in Tokyo, Japan. Decl. of Katsuhisa Aoyagi (dkt. 3) ¶ 2; App. (dkt. 1) at 1–2. It has registered its works with the United States Copyright Office and "goes through great effort to protect its intellectual property rights." Aoyagi Decl. ¶ 9. Will Co. is the producer and exclusive licensor of its content. *Id.* at ¶ 6. It distributes its content exclusively with Digital Commerce Inc. ("Fanza"), which hosts Will Co.'s content on its paid membership websites and sells DVDs. *Id.* at ¶¶ 10–12. Will Co. receives "a revenue share from each transaction." *Id.* at ¶ 12.

Will Co. discovered that the website "share-videos.se" displaying 40,271 of its videos for free, without authorization from Will Co. or Fanza. Decl. of Jason Tucker (dkt. 4) ¶ 13. Share-

videos.se is "a web site targeted predominately towards users in Japan" that is "intended for users to monetize adult videos and allows them to earn money by introducing videos on a blog or by embedding and linking videos" and allows users to download videos. App. at 2–3. "Video uploaders are paid based on the number of times a video is viewed." *Id.* at 3. It leverages the Content Delivery Network ("CDN") provided by Cloudflare, Inc., a company headquartered in San Francisco, California. *See* Tucker Decl. ¶¶ 20–21.

Will Co. intends to take legal action against "against the owners and operators of share-videos.se and those directly responsible for displaying Will Co's video content for free on the website" in Japanese court. Aoyagi Decl. ¶ 17. It brings this application to request limited discovery from Cloudflare to identify the owners and operators of the website, as Japan does not allow civil lawsuits against unknown defendants. App. at 3.

## III.     LEGAL STANDARD

Section 1782 provides, in relevant part:
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person. . . .

28 U.S.C. § 1782(a). Section 1782 permits district courts to authorize discovery where the following requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). Further, § 1782 does not require that a formal proceeding in the foreign jurisdiction is currently pending, or even imminent; rather, a court may permit discovery under § 1782 so long as a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *In re Hoteles City Express,* No. 18-mc-80112-JSC, 2018 WL 3417551, at *2 (N.D. Cal. July 13, 2018) (quoting *Intel*, 542 U.S. at 256).

Even if the basic requirements of § 1782 are satisfied, however, a district court has wide discretion in deciding whether to permit discovery under § 1782. *Intel*, 542 U.S. at 260–61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

"A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *In re Nat'l Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

### A.  The Statutory Requirements Are Met

Will Co.'s application meets the minimum statutory requirements under § 1782. Will Co. has established that it is an "interested person" seeking "documents or things" for use in a foreign proceeding. *See* Aoyagi Decl. ¶ 17 ("Will Co. intends to enforce its intellectual property rights and move forward with civil claims against the owners and operators of share-videos.se and those directly responsible for displaying Will Co's video content for free on the website."). Cloudflare is headquartered in San Francisco, California, in this district. The Court therefore has authority to issue this subpoena.

### B.  The First, Second, and Third Discretionary Factors Favor Granting the Application

Courts must next consider the four discretionary *Intel* factors in weighing whether to grant

the application. These discretionary considerations largely weigh in favor of granting the application, albeit with a narrower scope.

The first discretionary factor favors applications for discovery against parties that will not participate in the foreign proceeding. *See In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). Indeed, "[a] foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Since Will Co. will bring civil actions solely "against parties responsible for the display of Will Co.'s works on share-videos.se . . . but not Cloudflare," this factor weighs in favor of the application. App. at 5; *see also* Aoyagi Decl. ¶ 21.

The second discretionary factor "focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. Where there is no evidence suggesting that foreign courts would be unreceptive to the requested discovery, the second discretionary factor weighs in favor of the application. *See In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May 30, 2019) (holding that the second factor weighs in favor of an application when there is an absence of evidence that a foreign tribunal is unreceptive to this type of discovery, or the information sought). Prior cases suggest that Japanese courts are "generally receptive" to discovery taken in the United States under § 1782. *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *4 (N.D. Cal. July 25, 2019). There is no evidence in the record to the contrary. The second factor therefore weighs in favor of the application.

The third factor considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Where there is a "perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D.

Cal. Jan. 17, 2013). But absence of evidence of attempted circumvention weighs in favor of an application. *See, e.g.*, *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *2 (N.D. Cal., Dec. 15, 2014); *In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (same); *In re Honda*, No. 21-mc-80167-VKD, 2021 WL 3173210, at *4 (N.D. Cal. July 27, 2021) (same). Here, Will Co. has asserted that the purpose of this application is to identify the owners and operators of share-videos.se because Japanese courts do not allow civil lawsuits against unknown defendants. App. at 3. It is also "unaware of any restrictions on proof-gathering procedures in Japan that would prohibit the discovery requested in this application." Aoyagi Decl. ¶ 23. In the absence of evidence to the contrary, the Court finds that the third factor weighs in favor of granting the application.

### C. The Fourth Discretionary Factor Weighs Against the Application as Written

The fourth factor considers whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly burdensome when they are "not narrowly tailored, request confidential information and appear to be a "broad fishing expedition for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The "proper scope" of requests under § 1782 is "generally determined by the Federal Rules of Civil Procedure." *Varian Med. Sys.*, 2016 WL 1161568, at *5. Parties "may obtain discovery that is relevant to any parties claim or defense," Fed. R. Civ. P. 26(b)(1), but "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 246.

Will Co.'s requests for payment records, communications, and "any and all" identifying information on persons uploading videos to over 40,000 links are not only burdensome to Cloudflare and intrusive to the privacy of the users, but of questionable relevance to identifying the account users. Proposed Ord. (dkt. 2). To justify these requests, Will Co. states that it "has previously used similar information in connection with criminal action against infringers in Japan as well as for use in monetary collections from offending end users." Aoyagi Decl. ¶ 19. However, the stated purpose of this application is for identification of defendants to allow Will Co. to take *civil* legal action in Japan. *See In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464, at *8 (S.D.N.Y. Dec. 29, 2006) (holding that relevance is determined by whether

requests are "sufficiently tailored to the litigation issues for which production is sought"). The need for identifying information, such as IP addresses and contact information, appear relevant to this purpose. But the relevance of other account information, the contents of communications, access logs, and full payment records spanning nearly two years, is not apparent to this Court nor is it sufficiently justified by Will Co. The first request alone, seeking "[a]ccount profiles or other documents sufficient to identify the full name, contact information, and IP addresses for the Customer assigned the Cloudflare Account," would contain nearly all of the relevant identifying information Cloudflare could reasonably provide. Furthermore, requiring Cloudflare to search through its records to provide "any and all" identifying information for all persons uploading videos to share-videos.se for over 40,000 URLs would not only be time consuming, but the very "fishing expedition" that this discretionary factor seeks to avoid.

Will Co. may serve the subpoena on Cloudflare, subject to the following modifications: (1) the removal of Requests No. 2, 3, 5, and 6; (2) the removal of Request No. 4, which may be replaced by a request for solely the contact details, such as a name or address, associated with payment methods on the account; (3) modification of Request No. 7 to encompass only information *sufficient* to identify persons or entities which uploaded the videos to the URLs.

## IV.     CONCLUSION

Will Co.'s application meets the statutory criteria for authorization of the proposed subpoena. The discretionary factors also favor service of the subpoena, subject to the modifications above.

This order is without prejudice to any argument that might be raised in a motion to quash or further modify the subpoena by Cloudflare following service or by the Cloudflare account holders whose identifying information is sought. The Court orders Will Co. to comply with the following requirements to ensure that all interested parties have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Will Co. must also serve a copy of this order on Cloudflare.

2. No later than 10 days after service of the subpoena and this order, Cloudflare shall

notify each of the account holders that their identifying information is sought by Will Co. and shall serve a copy of this order on each account holder.

3. Cloudflare and/or each account user whose identifying information is sought may, no later than 21 days after Cloudflare provides notice to its users, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. If any party contests the subpoena, Cloudflare shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.

5. Any information Will Co. obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and Will Co. may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: November 16, 2021

JOSEPH C. SPERO
Chief Magistrate Judge